```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
CHRISTINA RODRIGUEZ-CRAIG,                                  :
                                                            :   **MEMORANDUM DECISION**
                                   Plaintiff,               :   **AND ORDER**
                                                            :
              - against -                                   :   18-cv-6873 (BMC)
                                                            :
NANCY A. BERRYHILL,                                         :
                                                            :
                                   Defendant.               :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiff seeks review of the decision of the Commissioner of Social Security, following a hearing before an Administrative Law Judge, that she is not entitled to Social Security Disability benefits under the Social Security Act.

Plaintiff raises two points of error. First, plaintiff contends that the ALJ did not properly apply the treating physician regulations. Second, plaintiff contends that the vocational expert improperly determined that plaintiff retained the ability to perform light work despite the ALJ's findings. For the reasons stated below, plaintiff's motion for judgment on the pleadings is denied and defendant's motion for judgment on the pleadings is granted.

I.

Plaintiff's primary contention is that the ALJ unjustifiably disregarded the limitations opinions of plaintiff's treating physicians. "[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record.'" Burgess v. Astrue, 537

F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)).  If the ALJ does not afford a treating physician's opinion controlling weight, he must still "comprehensively set forth reasons for the weight assigned to a treating physician's opinion."  Halloran v. Barnhart, 362 F.3d 28 (2d Cir. 2004).

Among the factors that the ALJ must consider when deciding whether to give a treating physician's opinion a certain weight are "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues."  Burgess, 537 F.3d at 129 (internal quotations and alterations omitted).  If, however, "a searching review of the record" assures the reviewing court "that the substance of the treating physician rule was not traversed," the court should affirm the ALJ's decision despite his "failure to 'explicitly' apply the Burgess factors."  See Estrella v. Berryhill, 925 F.3d 90, 96 (2d Cir. 2019).

Dr. Leon Reyfman, plaintiff's treating pain management physician, opined that plaintiff was "100% unable to work."  Dr. Alan Dayan, plaintiff's orthopedic surgeon, likewise opined that plaintiff "is 100% impaired from her prior level of activity."  And Dr. R. C. Krishna, plaintiff's treating neurologist, opined that plaintiff had a 100% temporary impairment and a "temp. total disability."

The ALJ gave these opinions "little weight," explaining that:

These opinions were not made for the claimant's social security claim, but rather
for his workers' compensation claim, which rely on a different standard.  These
terms are also very vague.  It is unclear what a "total disability" or a "temporarily
total disability" means or what are the significance of the percentages.  They also
do not spell out the claimant's exertional or non-exertional physical limitations

> due to her impairments. In addition, these opinions are conclusory, and determinations of disability are reserved for the Commissioner. For these reasons, the undersigned collectively gives these opinions little weight.
>
> In addition, as for the opinion evidence, no treating source has offered an opinion as to the nature and severity of the claimant's impairments, or how they impact her ability to perform basic work-related activities. Therefore, the rules and regulations governing the weight due to a treating physician are not applicable in this instance.

From these observations, the Commissioner's argument is simple: the impairment assessments must be disregarded because, under the relevant regulations, they are not medical opinions at all. I agree.

According to 20 C.F.R. § 404.1527(a), "medical opinions are statements from acceptable medical sources that reflect judgments about the nature and severity of your impairments(s), including your *symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions*" (emphasis added). However, § 414.1527(d)(1) makes clear that it is the Social Security Administration ("SSA"), not the treating physician, who may opine on whether a claimant "meet[s] the statutory definition of disability." Indeed, a "statement by a medical source that you are 'disabled' or 'unable to work' does not mean that [the SSA] will determine that [a claimant] is disabled." 20 C.F.R. § 404.1527(d)(1).

In the usual case, a treating physician will provide, in some form, specific conclusions as to a claimant's functional capacities, supported by clinical findings. But here, Drs. Reyfman, Dayan, and Krishna all concluded, without any apparent findings as to plaintiff's specific functional capacities or limitations, that plaintiff is 100% disabled. That is a conclusion only the ALJ can make. Therefore, it was not error for the ALJ to give these conclusions little weight. See Trepanier v. Comm'r of Social Security Admin., 752 Fed. Appx. 75, 77-78 (2d Cir. 2018) ("[T]he ALJ reasonably and lawfully accorded no weight" to the treating physician's opinion

where his "statement was not accompanied by clinical findings designed to support his conclusory description; rather, his use of the term ['disabled'] seems to us incidental to his review of numerous medical issues of varying severity.").[1]

However, just because the ALJ properly gave plaintiff's treating physicians' opinions little weight, his conclusions still must be supported by substantial evidence in the record. See 42 U.S.C. § 405(g) ("The Findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."); Richardson v. Perales, 402 U.S. 389, 390 (1971). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts 'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault v. Social Sec. Admin., Com'r, 683 F.3d 443, 448 (2d Cir. 2012) (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994).

In his decision, the ALJ found that "the objective medical evidence of record . . . does not show acutely abnormal clinical, radiological, or other diagnostic findings, which would per se suggest a more restrictive residual functional capacity." He therefore decided that the "testimony, medical records, and report from the consultative examiner, do[] not support a finding of disability," and found plaintiff fit to perform sedentary work:

> [T]he claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant can sit for 30 minutes at a time for a total of four hours out of an eight-hour workday. She can walk for a few minutes at a time for a total of four hours out of an eight-hour workday. She is to avoid running. She must be able to sit and stand at her own option. She is able to lift and carry 20-30 pounds [in]frequently[2] and ten pounds occasionally.

---

[1] It also bears mentioning just how inapposite a worker's compensation evaluation is to a social security disability proceeding. Whereas the former may address only temporary disabilities, the latter deals in much more substantial durations. See 20 C.F.R. § 404.1509 ("Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months.").

[2] Although the ALJ used the word "frequently," as the Commissioner points out, that word in context is illogical because the ALJ also found that plaintiff could only occasionally lift 10 pounds. It is apparent that the ALJ mistyped the word "*in*frequently."

Based on my review of the record, I find that substantial evidence supports the ALJ's conclusions.

First, during the administrative hearing, plaintiff testified that she cooks three times a week, cleans daily, does laundry twice a week, shops for groceries, and takes care of her five-year-old child. She further testified that she was able to walk for four hours in an eight-hour period, could sit for 30 minutes at a time for a total of four hours in an eight our period, and would have no problem at all lifting a file. As the Commissioner points out, the ALJ's RFC finding "directly mirror[s] Plaintiff's own assessment of physical abilities."

Second, the consultative medical examiner, Dr. Peter Graham, opined that plaintiff has no limitations sitting, standing, or walking, though heavy lifting is mildly limited by her back pains. He also opined that carrying, handling objects, hearing, and speech are normal. This, together with plaintiff's hearing testimony, provides more than enough support for the ALJ's conclusion that plaintiff could perform sedentary work as described above.

Contrary to plaintiff's assertion that it was error for the ALJ to assign "great weight" to Dr. Graham's opinion, I find there was no error in that regard because it was supported by other evidence in the record. See Schisler v. Sullivan, 3 F.3d 563, 568 (2d Cir. 1993). Moreover, regardless of the weight the ALJ placed on Dr. Graham's opinion, his ultimate disability decision would have in all likelihood remained unchanged as the rest of the record would still support a finding of not disabled. Thus, remand on that basis would be unnecessary. See Zabala v. Astrue, 595 F.3d 402, 410 (2d Cir. 2010) (finding remand "unnecessary" where there was "no reasonable likelihood" that a new consideration "would have changed the ALJ's determination that Petitioner was not disabled").

5

Nor was it error for the ALJ not to further develop the record in light of his recognition that the physicians' opinions "were not made for the claimant's social security claim, but rather for his workers' compensation claim, which rely on a different standard." An ALJ need only seek additional information from a treating physician when there are "clear gaps in the administrative record." Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). In this case, however, I see no gap in the record as the treatments notes therein appear complete. And because the ALJ's functionality assessment was a near verbatim recounting of plaintiff's own testimony, seeking additional corroboration of matters already in agreement would have just been a waste of time and resources.

II.

Plaintiff's other point of contention is that the "vocational expert's testimony impermissibly assumes that Ms. Rodriguez-Craig retained the ability to stand and or walk for [6][3] hours in an 8-hour workday," despite the ALJ concluding that plaintiff can sit for 4 hours and stand/walk for 4 hours in an 8-hour workday. Specifically, plaintiff argues that because the vocational expert identified two jobs – mail clerk and office helper – that qualify as "light work," she ignored that the ALJ classified plaintiff as capable of performing only "sedentary work." Indeed, according to SSA guidance, "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," whereas in sedentary work "standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." See SSR 83-10. And the ALJ even acknowledged that "the vocational expert's testimony is

---

[3] Plaintiff's brief says "8 hours in an 8-hour workday," but in context it appears she meant to say 6 hours in an 8-hour workday.

inconsistent with the information contained in the Dictionary of Occupational titles." Although I understand why this apparent discrepancy would give plaintiff pause, I disagree that the vocational expert was in error.

First, it's clear that the vocational expert did not accidentally presume any incorrect information or "misunderstand" the ALJ, as plaintiff suggests. Plaintiff's counsel did a good job of fleshing out this very issue during the administrative hearing:

> Q: Ms. Shullo, you'[ve] given us two light jobs where the Judge has indicated the lifting requirement is ten pounds occasionally. And also that she can walk four out of eight and sit four out of eight. Is that your understanding of a light exertional level or a sedentary exertional level?
>
> A: The light exertional level can have the option to sit for four hours and stand for, walk for four, and stand for four, and sit for four hours. If the person needs to sit longer than four hours, let's say six hours. Then the person automatically gets reduced to sedentary exertional level.
>
> …
>
> Q: Okay. So, that's where, that's where that is. So, the DOT lists these as light, but you're deviating from that based on your experience and published literature. Is that my understanding?
>
> A: Yes, that is correct.

Plaintiff argues that the first answer above indicates that the "vocational expert clearly was under the misimpression that Ms. Rodriguez-Craig was able to walk for a total of four hours and then also stand for a total of four hours." But Ms. Shullo plainly understood that plaintiff would be sitting for four hours during the workday, as she goes on to say that *if the person needs to sit longer than four hours*, then the "light" designation would automatically change to "sedentary." It is quite obvious, then, that rather than indulge the inexactitudes of the SSR glossary, she made an effort to match plaintiff's specific limitations to appropriate vocations.

Second, the SSR guidance is just that – *guidance* – and it expressly grants the social security "decisionmakers" more discretion than plaintiff wants to admit. It uses words like

"generally" and "may" to communicate that the terms are fluid and situation-specific. See generally Biestek v. Berryhill, 139 S. Ct. 1148 (2019) (reinforcing the "case-by-case" character of social security determinations). Furthermore, SSR 83-10's introductory paragraph for the exertion terms states that "[t]hey may be used by decisionmakers to determine if an individual has the ability to perform *the full range* of sedentary, light, or medium work" (emphasis added). See SSR 83-10. The vocational expert never said that plaintiff could perform the "full range" of light activity, but only that plaintiff's limitations permitted her to engage in two of the jobs in the light activity universe. See McIntyre v. Colvin, 758 F.3d 146, 152 (2d Cir. 2014) ("[T]he category of sedentary jobs is large, and the general definition allows of exceptions.").

Finally, the vocational expert didn't issue her opinion in an evidentiary or procedural vacuum. The ALJ, as the ultimate decisionmaker, listened to Ms. Shullo's testimony, asked questions regarding her opinion, and observed plaintiff's counsel examine her as well. He then properly relied on the "expert's professional experience and clinical judgment" in determining that "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." Id. Because the vocational expert's opinion "was not undermined by any evidence in the record," remand would be improper. Id.

## CONCLUSION

Plaintiff's [12] motion for judgment on the pleadings is denied and the Commissioner's

8

[15] cross-motion for judgment on the pleadings is granted. The Clerk is directed to enter judgment, dismissing the case.

**SO ORDERED.**

_____<br>U.S.D.J.

Dated: Brooklyn, New York
       January 15, 2020